

FILED
MAR -3 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SHAUN WOODHOUSE, NO. 362981,

    Petitioner,

v.                                        ACTION NO. 2:09cv413

GENE M. JOHNSON,
Director
    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner Shaun Woodhouse ("Woodhouse") was convicted of possession of a firearm as a convicted felon in the Circuit Court for the City of Suffolk on June 29, 2006. After a bench trial, Woodhouse received a sentence of five years in prison.

Woodhouse directly appealed to the Virginia Court of Appeals, arguing that his motion to suppress should have been granted. The Virginia Court of Appeals affirmed his conviction on January 8, 2008 in an unpublished opinion.

Woodhouse next petitioned for appeal to the Supreme Court of Virginia, again arguing the motion to suppress should have been granted. The Supreme Court of Virginia denied the petition on July 14, 2008.

Woodhouse then filed a timely petition for a writ of habeas corpus in the Supreme Court of Virginia on December 15, 2008. The Virginia Supreme Court denied and dismissed his habeas petition on May 11, 2009.

Woodhouse, currently in the Greensville Correctional Center in Jarratt, Virginia, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 18, 2009. The Respondent filed a Motion to Dismiss and a Rule 5 Answer on October 22, 2009. On December 14, 2009, Woodhouse filed his response to the Motion to Dismiss. Accordingly, this matter is ripe for adjudication.

## B. Grounds Alleged

Woodhouse, proceeding pro se, asserts he is entitled to relief under 28 U.S.C. § 2254, for the following reasons:

> (I) He was denied effective assistance of counsel when counsel did not insure that the anonymous informant testified, thereby violating his right to confront a witness against him;
>
> (II) Counsel was ineffective because counsel did not argue at trial or on appeal that:
>
>> (A) hearsay of the informant was improperly admitted at Woodhouse's trial;
>>
>> (B) Woodhouse had a right to challenge the consent to

     search the car as a passenger;

 (C) Woodhouse had a constitutional right, and standing, to challenge the search as a passenger;

 (D) Woodhouse's continued detention was illegal because after he was searched and questioned he was not informed that he was free to leave.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, Woodhouse must have exhausted all of his claims pursuant to 28 U.S.C. § 2254 (b). Satisfying exhaustion requires that the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). In order to exhaust state remedies, Woodhouse must have "fairly presented," both the "operative facts and the controlling legal principles" of all the claims to the state courts that he later raises on federal habeas corpus review. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (citations omitted). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Woodhouse has exhausted his state remedies because he fairly presented identical claims for relief in a post-conviction habeas proceeding to the Supreme Court of Virginia in his state habeas petition. Accordingly, this Court now turns to the merits of Woodhouse's claims.

## B. Merits

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, a federal court may not grant habeas relief on any claim that the Virginia Supreme Court adjudicated on the merits unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d)(1)-(2) (2010). The United States Supreme Court explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (citations omitted). A United States court must presume a determination of a factual issue is correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Tucker v. Osmint, 350 F. 3d 433, 439 (4th Cir. 2003). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 389.

Woodhouse first raises the claim of ineffective assistance of counsel. For Woodhouse to prove that the Supreme Court of Virginia grounded their decision in an unreasonable interpretation of the facts in light of the evidence presented, or involved an unreasonable application of federal law, he must prove the two-prong standard from Strickland, demonstrating that counsel's performance was deficient and that as a result of the deficiency the defense was prejudiced. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, proving deficient counsel "requires

4

showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." Id. In essence, the ineffective council claim must have "so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict suspect." Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). In assessing counsel's representation under this standard, judicial scrutiny must be highly deferential, creating a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Second, proving prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Therefore, Woodhouse must show that a "reasonable probability [existed so] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Reasonable probability can be defined as "a probability sufficient to undermine confidence in the outcome." Id. Failing to prove either prong allows the disposal of an ineffective counsel claim because deficiency and prejudice are "separate and distinct" elements. Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994).

Woodhouse claimed that his counsel was ineffective by failing to insure that the anonymous informant testified, thereby violating his right to confront a witness against him. [Br. Supp. Pet. at 1]. The anonymous informant Woodhouse refers to is the person the police talked to who directed them toward Woodhouse. This statement provided an explanation for the police officers' conduct, in order to establish reasonable suspicion, and was not made for the purpose of establishing or proving some fact at trial. In effect, Woodhouse failed to show that this informant would have been used to prove matters of competent evidence against him. Thus, Woodhouse has failed to show any possibility of prejudice or how his counsel was ineffective by not calling this person to the stand. Therefore, the Supreme Court of Virginia made no unreasonable determination of fact or

5

unreasonable application, or contrary decision, of federal law. The Court recommends that Ground 1 be dismissed.

Woodhouse also claims that counsel was ineffective in failing to object and preserve for appeal wrongly admitted hearsay evidence by the prosecution. He argues the statements made to the police by the informant were out of court statements constituting hearsay; therefore, the failure to object violated his Sixth Amendment right to confront one's accusers. [Br. Supp. Pet. at 2-3]. However, the hearsay rule only excludes out of court declarations when they are "offered in evidence to prove the truth of the matter asserted." United States v. Anderson, 417 U.S. 211, 219 (1974). In this case, the statement of the informant did not prove the truth of the matter asserted, but rather showed why the officers acted the way they did. Woodhouse's counsel had no basis for objecting to the alleged hearsay; therefore, Woodhouse has not shown that counsel was deficient or that prejudice resulted. Accordingly, Woodhouse fails to prove an unreasonable application of a federal law with respect to this claim or an unreasonable determination of fact. Therefore, the Court recommends that Gound 2(A) be dismissed.

Woodhouse also claims in Gounds 2(B) and 2(C) that his counsel was ineffective by failing to object to the search of the car and by failing to argue at trial that Woodhouse had a constitutional right to challenge the search of the car as a passenger. He argues that, had counsel raised these issues at trial, they would have been preserved for appeal. [Br. Supp. Pet. at 4].

A warrantless search conducted pursuant to consent creates "one of the specifically established exceptions to the requirements of both a warrant and probable cause." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). A third party, the passenger of a vehicle in this case, who has "common authority over or other sufficient relationship to the premises or effects sought to be inspected" may give valid consent to search an area. United States v. Matlock, 415 U.S. 164, 171

6

(1974). Woodhouse argues that he never consented to the search of the car and that, as a passenger, he had a right to deny the search of the car. [Br. Supp. Pet. at 4]. However, "the extension of the prohibition on warrantless searches applies only to defendants who are present and *actually express a refusal to consent.*" United States v. Harris, 526 F.3d 1334, 1339 (11th Cir. 2008) (citations and quotations omitted) (emphasis added). The state court found that the record of the trial plainly demonstrated that the owner of the vehicle consented, and Woodhouse, who was present at the time, did not expressly object to the search of the car. [Va. Sup. Ct. Order Den. Pet. at 2-3]. Even if Woodhouse did have a right to challenge the search of the car, he did not use it. Counsel, therefore, had no legal basis for objecting to the search of the car or for arguing that he had a constitutional right to challenge the search of the car. For these claims, Woodhouse fails to prove either the deficient conduct prong, or the prejudice prong, of the two-prong Strickland test. Therefore, Woodhouse did not establish that the Supreme Court of Virginia's habeas ruling was contrary to, or based on an unreasonable application of, established federal law, or that the ruling was based on an unreasonable interpretation of the facts. The Court recommends that Grounds 2(B) and 2(C) be dismissed.

Woodhouse's final argument claims counsel was ineffective by failing to object to his continued detention, after questioning and searching, when the police did not inform him that he was free to leave. Woodhouse further claims that, had counsel raised this issue at trial, it would have been preserved for appeal. [Br. Supp. Pet. at 4]. The Supreme Court of Virginia correctly found in its habeas review that Woodhouse did not establish a legal basis upon which counsel could have argued that the validity of the arrest was undermined by the failure of the officer to tell Woodhouse he could leave. This is because the gun had already been found as a result of the consensual search of the car. [Va. Sup. Ct. Order Den. Pet. at 3]. The Court also correctly found that counsel's

7

objection to the police officer's pat down was properly rejected by the trial court because the officer's pat down was a proper exercise of officer safety after hearing a gunshot and finding a gun underneath Woodhouse's seat. Id. Therefore, the detention did not violate the his Fourth Amendment right.

Furthermore, no probative or relevant evidence arose from the police's failure to inform Woodhouse that he was free to leave. The officer found the firearm on the completely independent basis of the consent of the driver. Even under the assumption that the detention was unreasonable, the defendant must at least demonstrate that the evidence resulted from the violation. Hudson v. Michigan, 547 U.S. 586, 591 (2006); see United States v. Green, 275 F.3d 694, 699 (8th Cir. 2001) (holding that while the passenger's detention may have violated his Fourth Amendment rights, that violation was independent and separate from the discovery of evidence which rested on the driver's consent to search the car). Because nothing came of the detention of Woodhouse, counsel had no legal basis for objecting which would have effected the outcome of the trial or the appeal. Counsel did not perform with deficient conduct in a way that prejudiced the outcome of the case, and the two-prong Strickland standard was not satisfied. Therefore, there was no unreasonable interpretation of the facts or unreasonable application of established federal law. The Court recommends the dismissal of Ground 2(D).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Woodhouse's petition for writ of habeas corpus be DENIED and DISMISSED and the Respondent's Motion to Dismiss be GRANTED, because the Virginia Supreme Court previously adjudicated the claims on the merits, and none of the statutory exceptions that would allow this Court to grant relief on the claims apply.

Woodhouse has failed to demonstrate a "substantial showing of the denial of a constitutional

right;" therefore, the Court recommends declining to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
March 3, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Shaun Woodhouse, # 362981, #1108301
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870-9614

Rosemary V. Bourne, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Clerk of the Court

March 3, 2010